FILED

2014 Jul-22  AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **VICTOR HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-13-S-1617-NE** |
| | ) | |
| **MS. SHAHLA, Chronic Care,** | ) | |
| **DR. STUBBS, M.D., and MS.** | ) | |
| **AMBROSKI, CMS Department** | ) | |
| **Head,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Victor Harris, who is proceeding *pro se* and is an inmate within the State of Alabama prison system, filed this action on July 24, 2013, in the Circuit Court of Limestone County, Alabama.[1]  He asserted claims against several persons associated with the provision of medical services at the Limestone Correctional Facility in Limestone County, Alabama: *i.e.,* Poursaied Shahla, a Certified Nurse Practitioner;[2] Randy Stubbs, a physician and the Medical Director;[3] and Karen

---

[1] Doc. no. 1 (Notice of Removal), at Exhibit 1 (Complaint).

[2] Plaintiff identified this defendant in his complaint as "Ms. Shahla, Chronic Care." Complaint, at 1.  However, in their Notice of Removal, defendants clarify that the reference is to "Poursaied Shahla, . . . an individual employed as a Certified Nurse Practitioner at the Limestone Correctional Facility."  Notice of Removal ¶ 7.

[3] Plaintiff identified this defendant in his complaint as "Dr. Stubbs, MD."  Complaint, at 1. However, in their Notice of Removal, defendants clarify that the reference is to "Dr. Randy Stubbs, . . . an individual employed as the Medical Director at the Limestone Correctional Facility."  Notice of Removal ¶ 6.

Ambroski, the Health Services Administrator.[4]

Plaintiff labeled his complaint as asserting a claim for "Violation of the Eighth Amendment Under the Americans With Disabilities Act (ADA) and Rehabilitation Act."[5] He asserts that epileptic inmates, like himself, "are being discriminated against on the basis of disability (EPILEPSY) in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq., and 504 of the Rehabilitation Act, 29 U.S.C. 794."[6] He alleges that the medical staff at the Limestone Correctional Facility, where he was incarcerated at the time he filed the complaint, "utilize[] a discriminatory medical-clearance policy when deciding which inmates to send to work-release facilities."[7] Plaintiff contends that he was wrongfully placed on a medical hold because he had been falsely noted to be non-compliant with his seizure medication.[8] Because of that medical hold, plaintiff was denied participation in a work-release program.[9]

Defendants removed the case to this court, asserting federal subject matter

---

[4] Plaintiff identified this defendant in his complaint as "Ms. Ambroski, CMS Dept. Head." Complaint, at 1. However, in their Notice of Removal, defendants clarify that the reference is to "Karen Ambroski, . . . an individual employed as the Health Services Administrator of the Limestone Correctional Facility." Notice of Removal ¶ 5.

[5] Complaint, at 1.

[6] *Id.*

[7] *Id.* at 3 (alteration supplied).

[8] *Id.*

[9] *Id.* at 5.

jurisdiction based on plaintiff's ADA claim.[10]  The case presently is before the court on the following motions:  (1) defendants' motion for summary judgment on all of plaintiff's claims;[11] (2) plaintiff's own motion for summary judgment on all of his claims;[12] and (3) plaintiff's motion for leave to depose the defendants.[13]  Upon consideration of the motions, pleadings, briefs, and evidence, the court concludes that defendants' motion for summary judgment should be granted, plaintiff's motion for summary judgment should be denied, and plaintiff's motion for leave to take defendants' depositions should be denied as moot.

## I.  SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[10] Notice of Removal ¶¶ 2, 8-9, 14.

[11] Doc. no. 5.

[12] Doc. no. 21.  Plaintiff's motion is incorporated into his opposition to defendants' motion for summary judgment.

[13] Doc. no. 28.

"In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis and alteration supplied). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

> "Cross motions for summary judgment do not change the standard." *Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church*, 499 F.3d 32, 38 (1st Cir. 2007). "'Cross motions for summary judgment are to be treated separately; the

denial of one does not require the grant of another.'" *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)). "Even where the parties file cross motions pursuant to Rule 56, summary judgment is inappropriate if disputes remain as to material facts." *Id*.; *accord Monumental Paving & Excavating, Inc. v. Pa. Mfrs.' Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999) ("When considering motions from both parties for summary judgment, the court applies the same standard of review and so may not resolve genuine issues of material fact. Instead, [the court must] consider and rule upon each party's motion separately and determine whether summary judgment is appropriate as to each under the Rule 56 standard.") (citations omitted).

*Ernie Haire Ford, Inc. v. Universal Underwriters Insurance Co.*, 541 F. Supp. 2d 1295, 1297-98 (M.D. Fla. 2008) (alteration in original).  *See also American Bankers Insurance Group v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005) ("This court reviews the district court's disposition of cross-motions for summary judgment *de novo*, applying the same legal standards used by the district court, viewing the evidence and all factual inferences therefrom in the light most favorable to the non-movant, and resolving all reasonable doubts about the facts in favor of the non-moving party.").

## II. DISCUSSION

The basis for defendants' motion for summary judgment is that none of them have any control over whether inmates, including plaintiff, are assigned to a work-release program; and, therefore, they cannot be held liable for any discrimination

related to work-release assignments.  In support of that argument, defendants submitted the affidavit of defendant Randy Stubbs, M.D.  Dr. Stubbs states that he is a physician employed by Corizon, Inc. ("Corizon"), an independent entity that contracts with the Alabama Department of Corrections to provide health care services to inmates.[14]  On September 5, 2013, when he executed the affidavit, Dr. Stubbs was the Medical Director at the Limestone Correctional Facility, where plaintiff then was incarcerated.[15]  Dr. Stubbs states that:

> 6.  [Neither] Corizon, nor any of its medical providers, including me, make[s] the determination of whether any inmate, including Victor Harris, will be eligible for work release or not.  That determination is made solely by the Alabama Department of Corrections.  Corizon, through its contract with the Alabama Department of Corrections, follows the Alabama Department of Corrections Regulations pertaining to the medical coding given to each inmate dependent upon their medical status and classification. . . . .
>
> 7.  Corizon, and its medical providers, classify each inmate according to the ALDOC criteria. . . .   Thereafter, whether an inmate is a candidate for the work release program or not is 100% determined and controlled by the Alabama Department of Corrections and not by Corizon or its medical providers.
>
> . . . .

---

[14] Doc. no. 7 (defendants' evidentiary submission), Exhibit A (Affidavit of Randy Stubbs, M.D.) ¶ 2.

[15] *Id.* ¶¶ 3-4.  Plaintiff has since been transferred to a different facility, but at all times relevant to the claims he asserted in this action, he was at the Limestone Correctional Facility.  *See* doc. no. 21 ¶ 7 ("Plaintiff is currently incarcerated at the Red Eagle Honor Farm in Montgomery, Alabama.").

12. Mr. Harris' erratic blood work results [were] provided to the Department of Corrections pursuant to the Alabama Department of Corrections' policies. The Department of Corrections' regulations set forth that therapeutic lab values for each inmate on prescribed medications have to be provided to the Department of Corrections. The therapeutic lab values with regard to the blood drawn from Mr. Harris is regularly provided to the Department of Corrections pursuant to Department of Corrections' policies.

13. Thereafter, the Department of Corrections determines whether an inmate such as Mr. Harris is or is not a candidate for the work release program.

14. Neither I, as the Medical Director of the Limestone Correctional Facility, nor Poursaied Shahla, CRNP, the Certified Nurse Practitioner (CRNP), nor Karen Amborski, the Health Services Administrator at the Limestone Correctional Facility have any power or control to determine whether an inmate is or is not eligible for the Alabama Department of Corrections' work release program.

. . . .

18. Nothing that the medical providers at the Limestone Correctional Facility have done have [*sic*] caused and/or contributed to Mr. Harris either being accepted into or denied work release status with the Alabama Department of Corrections.[16]

In response, plaintiff disputes defendants' assertion that they have no control over whether an inmate is assigned to a work release program. According to plaintiff, "Corizon, and its employees, including the defendants[,] have control over who is able to be placed on work release by the opinion that it gives to the ADOC

---

[16] *Id.* ¶¶ 6-7, 12-14, 18 (alterations supplied).

concerning each inmate."[17]   In other words, plaintiff asserts that defendants can indirectly control how an inmate is classified by ADOC by making certain notations on the inmate's health record.

Plaintiff did not offer any evidence to support his assertions, or to dispute the assertions made in Dr. Stubbs' affidavit.  That is not sufficient to satisfy plaintiff's burden of demonstrating a genuine issue of material fact, even considering plaintiff's *pro se* status.  Instead, the undisputed facts presented to the court establish that defendants have no control over whether plaintiff is allowed to participate in a work-release program.  Defendants, therefore, cannot be held liable for discrimination based on plaintiff's non-assignment to such a program.

## II. CONCLUSION AND ORDERS

In accordance with the foregoing, plaintiff's motion for summary judgment is DENIED.  Defendants' motion for summary judgment is GRANTED, and all claims asserted by plaintiff are DISMISSED.  Plaintiff's motion for leave to take defendants' depositions is DENIED as moot.

Costs are taxed as paid.  The Clerk is directed to close this file.

DONE this 22nd day of July, 2014.

_____
United States District Judge

---

[17] Doc. no. 11 (plaintiff's response brief), at 4 (alteration supplied).